ALEXANDER MULLEN, PROSECUTOR, v. THE STATE OF NEW JERSEY.

Submitted November 27, 1901—Decided February 24, 1902.

1. A recognizance is required under section 7 of the *Certiorari* act whenever the matter with which the defendant is charged is a public wrong prosecutable by or in the name of the state.
2. The justice allowing a writ, or the court, at the hearing, may, in a proper case, permit the subsequent filing of a recognizance.
3. A conviction under section 3 of the Disorderly act (Revision of 1898), removed into the Supreme Court by *certiorari* is within the requirement of section 7 of the *Certiorari* act.
4. Using loud language is no offence under section 3 of the Disorderly act; the offence consists in the use of "loud and offensive or indecent language."

On *certiorari* to bring up an order of a justice of the peace convicting the prosecutor of being a disorderly person.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the writ, *John F. Hawkins.*

Contra, *Ruliff V. Lawrence.*

The opinion of the court was delivered by

FORT, J.   The first question in this case is one of practice. Does section 7 of the *Certiorari* act, requiring a recognizance before the writ is allowed apply to cases under the Disorderly act?   Such convictions are undoubtedly before a justice of the peace or other magistrate, and not before the Court for the Trial of Small Causes.   *Pamph. L.* 1898, *p.* 956, § 45.

The proviso to section 7 of the *Certiorari* act seems to make the legislative intent perfectly plain.   That section was intended to apply to all cases except "orders and judgments in actions for debts or demands between party and party made cognizable before any justice of the peace by the act entitled "An act constituting Courts for the Trial of Small Causes." *Gen. Stat., p.* 368, § 7.

This court has held a recognizance necessary in cases arising under the Disorderly act. *Overseers, &c.,* ads. *Sutton,* 3 *Vroom* 295.

A recognizance is required whenever the matter with which the defendant is charged is a public wrong prosecutable by or in the name of the state, and not when the wrong is a mere private one. *Overseers* v. *Overseers,* 2 *Vroom* 366; *Overseers* ads. *Sutton, supra.*

A recognizance was necessary in the case before us. But, while it was not presented with the writ to the Supreme Court justice allowing it, it was by his order and approval filed before the hearing. The statute says that no writ shall be allowed "unless the party prosecuting such *certiorari* * * * shall, before the allowance thereof, * * * enter into recognizance with the State of New Jersey, * * * with condition," &c. The provision is directory only. The allowance of a writ of *certiorari* without the recognizance would not be void. It would only be ground for application to vacate the *allocatur* under rule 60 of the Supreme Court or to dismiss it at the next term. Upon the making of such an application by the defendant in *certiorari,* it is within the power of the justice or court to then allow the filing of the recognizance—the defendant is in no way prejudiced. In *Overseers of Tewksbury Township* ads. *Sutton,* above cited, the court gave the prosecutor, who had failed to enter into recognizance before the writ was allowed, sixty days to do so.

Upon the merits, we think this conviction should be reversed. The complaint was under the third section of the act concerning disorderly persons. *Pamph. L.* 1898, *p.* 343.

It alleged that at a special election of voters held in the school-house, in the borough of Neptune City, a public place of the said borough, the said A. M., "being under the influence of liquor, did indulge in and utter loud and offensive language and address offensive remarks and comments to the said F. B. and other persons then and there lawfully being." The complaint seems good under the statute, but the proof did not sustain it. The proofs will not sustain a finding that Mullen was under the influence of intoxicating liquor. Two or three

witnesses stated they thought he was drunk or had been drinking. That Mullen used loud language is proven. It was evidently an excitable school meeting and there was much earnest talk. Mullen had made motions which had been ruled out of order. The proof of loud language, however, does not meet the statute. The offence is "loud and offensive or indecent language." There was not the least testimony that what he said was offensive or indecent. If all who are loud and persistent in soliciting support for their candidates or views at public elections or school meetings are to be held disorderly persons, it will lead to a new view as to who are disorderly persons.

The conviction is set aside, without costs.